Jason L. Solotaroff, Esq.
O. Iliana Konidaris, Esq.
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

KALI CLARK,

                Plaintiff,                Case No. 11-CV-1307
                                                          ECF Case

        v.

                                                               **MEMORANDUM OF**
                                                               **LAW IN SUPPORT**
GOTHAM LASIK VISION CENTER LLC                **OF MOTION TO**
BRIAN BONANNI, M.D., and CHRISTOPHER COFFEE  **ENFORCE**
                                                               **SETTLEMENT**

                Defendants.

-----------------------------------------------------------------x


      Plaintiff respectfully submits this memorandum of law in support of her motion for an order granting the following relief: 1) enforcing the settlement agreed to by the parties at the court-ordered mediation; 2) entering judgment against Defendants pursuant to the terms of the settlement agreement; 3) awarding Plaintiff the attorneys' fees and costs incurred by Plaintiff in connection with this motion; and/or 4) imposing sanctions against Defendants; and for any other relief that the Court considers just and proper.

## STATEMENT OF FACTS

The complaint in this case was filed on February 24, 2011.  It alleged a claim for disability discrimination in violation of the New York City Human Rights Law.[1]  Defendants answered the complaint on April 15, 2011.  Ernest Stolzer and Amy Culver of Bond Shoeneck and King LLP entered appearances for all Defendants.  Defendants' answer included a counterclaim against Plaintiff for defamation.  Konidaris Aff. ¶ 3.

On April 18, 2011, the Court ordered the parties to participate in the Court's mandatory mediation program for employment discrimination cases.  Hillary Miller was appointed mediator.  Konidaris Aff. ¶ 4.

On June 30, 2011, Mr. Miller presided over a mediation session.  I attended the mediation along with Plaintiff and Jason L. Solotaroff, another attorney in my office.  For the Defendants, Mr. Stolzer, Ms. Culver and Defendant Brian Bonanni were present.  Konidaris Aff. ¶ 5.

After several hours of mediation, the parties reached a settlement with the following terms:

    a.    Defendants, jointly and severally, would pay Plaintiff $40,000 as follows:

        i.    $13,333.33 less applicable taxes and withholding, to compensate Plaintiff for lost wages, to be paid by August 1, 2011;

        ii.    $13,333.33, without withholding, to compensate Plaintiff for emotional distress, to be paid by November 1, 2011;

        iii.    $13,333.33 to Plaintiff's attorneys, as attorneys' fees, to be paid by December 31, 2011;

    b.    If Defendants failed to make any payment to Plaintiff on the designated date, the

---

[1] Affirmation of O. Iliana Konidaris (hereinafter "Konidaris Aff.), ¶ 2.

> entire amount would be immediately due and payable;
>
> c. The parties would exchange full and unconditional releases;
>
> d. Upon request, Defendant Bonanni would: confirm Plaintiff's dates of employment; state the reason of her departure as resignation; and inform the requesting party that it was Defendants' policy to make no other statements regarding former employees. Konidaris Aff. ¶ 6.

Mr. Miller carefully reviewed the settlement with Plaintiff and with Defendants and obtained each side's consent to the settlement. Konidaris Aff. ¶ 7.

At the mediation, Defendants' attorneys agreed to prepare a formal settlement agreement. Konidaris Aff. ¶ 8. On July 15, 2011, in a letter to Judge Francis, Ms. Konidaris informed the Court that the parties had settled the case. On July 19, 2011, the Court, noting that it had been informed that the action had been settled, then issued an order discontinuing the action provided that either party could move to restore the action within 30 days if a settlement agreement had not been finalized. Konidaris Aff. ¶ 9.

On July 26, 2011, Ms. Culver sent Ms. Konidaris a draft of the settlement agreement. That draft is attached as Exhibit 1 to the Konidaris Aff. Konidaris Aff. ¶ 10.

On July 29, 2011, Ms. Konidaris sent Ms. Culver Plaintiff's edits to the settlement agreement. That draft is attached as Exhibit 2 to the Konidaris Aff. Konidaris Aff. ¶ 11.

On August 18, 2011, Mr. Stolzer and Ms. Culver informed Plaintiff's counsel that Defendants were no longer willing to enter into the agreed upon settlement. Mr. Stolzer informed Plaintiff's counsel that the most Defendants were willing to pay Plaintiff was $12,000 and that Defendant Coffee, despite having agreed to release Plaintiff, intended to file a

harassment lawsuit against Plaintiff.  Konidaris Aff. ¶ 12.

## ARGUMENT

    A.    THE SETTLEMENT AGREED TO BY THE PARTIES AT THE MEDIATION IS ENFORCEABLE AND JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS PURSUANT TO THE TERMS OF THE SETTLEMENT.

It is settled law that an oral settlement agreement reached at a mediation is enforceable and may be enforced summarily.  *Lee v. Hospital for Special Surgery*, 2009 LEXIS 70350 (S.D.N.Y. August 10, 2009).   In *Lee*, like in this case, the parties reached a settlement at a mediation but one party later changed its mind.  The court nevertheless enforced the settlement:

> A settlement agreement is a contract, no different in principle from any other. It arises once the parties reach complete agreement with the intention to be bound.  In this instance, that occurred at the mediation … when the mediator reviewed the terms of the proposed settlement with plaintiff and defendant and obtained their agreement to its terms and the proposition that the settlement was binding and enforceable.

2009 LEXIS 70350 at *4-5.

Accordingly, as the Court did in *Lee*, the Court should enforce the settlement and grant judgment to Plaintiff.  Moreover, since Defendants have refused to enter into a settlement agreement and make the initial payment, the judgment should provide that the entire settlement amount of $40,000 is immediately due and payable.

    B.    THE COURT SHOULD AWARD PLAINTIFF THE ATTORNEYS' FEES INCURRED BY PLAINTIFF IN CONNECTION WITH THE PREPARATION AND LITIGATION OF THIS MOTION.

The Court has discretion to award attorneys' fees in connection with a motion to enforce a settlement agreement where the breaching party has acted in "bad faith, vexatiously, wantonly or for oppressive reasons."  *Hostcentric Technologies, Inc. v. Republic Thunderbolt, LLC*, 2005 U.S. Dist. LEXIS 11130,*37 (S.D.N.Y June 9, 2005 (internal cites and quotes omitted)).

Here, it is clear Defendants have acted vexatiously and in bad faith. There is no basis for Defendants to go back on their agreement. It appears that they simply do not want to do what they agreed to do. Moreover, Defendant Coffee's threat to file a meritless lawsuit against Plaintiff simply because she wishes to enforce the settlement to which the parties agreed is the essence of vexatiousness. Especially given the modest amount of the settlement, neither Plaintiff nor her attorneys should have to incur the additional costs caused by Defendants' conduct.

## **CONCLUSION**

The Court should grant Plaintiff's motion in its entirety.

Dated:  August 22, 2011
        New York, New York

                                              GISKAN SOLOTAROFF
                                              ANDERSON & STEWART LLP

By:                s/
                Jason L. Solotaroff
                O. Iliana Konidaris
                11 Broadway, Suite 2150
                New York NY 10004
                (212) 847-8315
                jsolotaroff@gslawny.com
                okonidaris@gslawny.com
                Attorneys for Plaintiff