Jason L. Solotaroff, Esq.
O. Iliana Konidaris, Esq.
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

KALI CLARK,

                Plaintiff,   Dkt.No.   11 CV 1307

      v.

                                     **REPLY MEMORANDUM OF LAW**
GOTHAM LASIK VISION CENTER LLC       **IN SUPPORT OF**
BRIAN BONANNI, M.D., and CHRISTOPHER COFFEE   **MOTION TO ENFORCE SETTLEMENT**

                Defendants.

----------------------------------------------------------------x


    Plaintiff respectfully submits this memorandum of law in further support of her motion for an order granting the following relief: 1) enforcing the settlement agreed to by the parties at a court-ordered mediation and granting judgment for Plaintiff according to the terms of the settlement; 2) awarding Plaintiff the attorneys fees and costs incurred by Plaintiff in connection with this motion; and/or 4) imposing sanctions against Defendants.

# ARGUMENT

A.     CPLR §2104 DOES NOT PRECLUDE ENFORCEMENT OF THE SETTLEMENT IN THIS CASE.

Defendants' argument that CPLR §2104 precludes enforcement of the agreement reached at the court-ordered mediation in this case is without merit. As an initial matter, it does not appear that a state procedural provision such as §2104 applies to this federal diversity action. *See Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V. v. AT&T Communications, Inc.*, 1994 U.S. Dist. LEXIS 11896, 1994 WL 463014, at *3 n.1 (S.D.N.Y. Aug. 24, 1994) (Second Circuit "has not applied CPLR § 2104 to settlement agreements in federal courts sitting in New York.")

But even if §2104 does apply in federal court, it would not bar the enforcement of the settlement. As Judge Chin has noted,

> New York courts view the "open court" requirement of CPLR § 2104 as a "technical term that refers to the formalities attendant upon documenting the fact of the stipulation and its terms, and not to the particular location of the courtroom itself.

*Alvarez v. City of New York*, 146 F. Supp. 2d 327, 338 (S.D.N.Y. 2001) (citing *Popovic v. New York City Health & Hosps. Corp.*, 180 A.D.2d 493, 579 N.Y.S.2d 399, 400 (1st Dep't 1992). In *Popovic*, the First Department enforced a settlement where the Court entered notice of the settlement in its records. 579 N.Y.S.2d at 400. Here, after the parties communicated the settlement to this Court on July 15, 2011[1], this Court issued an order indicating that the case had

---

[1] Correspondence from O. Iliana Konidaris to Judge Francis on July 15, 2011, attached to the Affirmation of Jason L. Solotaroff in Support of Motion to Enforce Settlement ("Solotaroff Aff.") as Exhibit 1.

been settled and dismissed the case.[2] Accordingly, to the extent §2104 even applies to this action, there was sufficient court documentation of the settlement to satisfy the provision.

II.   IT IS CLEAR THE PARTIES INTENDED TO BE BOUND BY THE SETTLEMENT REACHED AT THE MEDIATION.

Defendants are correct that the Second Circuit has identified four factors that determine whether parties intend to be bound in the absence of a written agreement. *See Powell v. Omnicom*, 497 F.3d 124, 130 (2d Cir. 2007). Those factors are:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Defendants are incorrect, however, in their contention that application of those factors results in a finding that the settlement here is unenforceable. Defendants do not claim that they expressly reserved the right not to be bound in the absence of a written agreement. Contrary to Defendants' claims, there was partial performance of the agreement. Defendants agreed as part of the agreement to provide Plaintiff with a neutral reference and, as evidenced by email communications between counsel, Defendant Bonanni provided such a reference to a prospective employer for Plaintiff.[3] As in the *Powell* case, the fact that there continued to be negotiations on the language of the agreement does not mean that there was no agreement on the essential terms. 497 F.3d at 130. Finally, it is not unusual for parties to reach binding oral agreements at mediation sessions.

Accordingly, under the applicable law, the settlement reached at the court ordered

---

[2] Order, July 19, 2011, attached to the Solotaroff Aff. as Exhibit 2.
[3] August 2 and August 4, 2011 emails between Amy Culver, an attorney for Defendants and Iliana Konidaris, an attorney for Plaintiff confirming that Defendant Bonanni had provided the reference for Plaintiff, attached to the Solotaroff Aff. as Exhibit 3.

mediation is enforceable.

## **CONCLUSION**

The Court should grant Plaintiff's motion in its entirety.

|  | GISKAN SOLOTAROFF ANDERSON & STEWART LLP |
|---|---|
| By: | /s _____<br>Jason L. Solotaroff<br>O. Iliana Konidaris<br>11 Broadway, Suite 2150<br>New York NY 10004<br>(212) 847-8315<br>Attorneys for Plaintiff |